## Clarke v. City of Russellville.

(Decided April 25, 1924.)

Appeal from Logan Circuit Court.

Pleading—Dismissal of Petition Held Proper when Plaintiff Stood on Demurrer to Answer.—Where plaintiff stood on his demurrer to the answer, court properly dismissed petition, though it stated a cause of action, where the answer presented a good defense and stipulation of the facts supported the answer.

S. R. CREWDSON for appellant.

OSCAR M. SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This action was commenced in the Logan circuit court by appellant Clarke to obtain an injunction restraining the city council of Russellville from levying a tax and the officers of the city from collecting the same for the purpose of retiring a bond issue of $60,000.00, voted by the city at the last November election for the purpose of extending and improving the waterworks system of the city and acquiring a new source of supply for water and otherwise perfecting the water system of that municipality, it being alleged that the ordinance of the city calling the election was irregular and invalid because not passed at a regular meeting of the council and for other reasons set forth in the petition; that the election was not advertised as required by charter of fourth class cities such as Russellville; that the ordinance calling the election was enacted after the regular registration day for voters in the city of Russellville, and that many persons did not therefore register who would otherwise have done so but for which reason they were unable to vote and for other reasons set forth in the petition. An answer filed by the

city traversed the material averments of the petition and affirmatively pleaded the regularity of all the steps taken in calling and holding the election and certifying the vote. It is also shown that the assessed valuation of property in the city of Russellville subject to taxation was sufficient when the maximum *ad valorem* allowed in such cases is assessed to take care of the proposed bonded indebtedness and produce a sinking fund adequate to take care of the interest charges and to retire the bonds at maturity; that the existing bonded indebtedness of the city when added to the proposed bonded indebtedness would not be in excess of the constitutional limitation fixed by section 157 of that instrument.

A stipulation of the facts signed by both parties was made a part of the record. The facts as thus set forth sustain the averments of the answer and refuted in a large measure the averments of the petition.

The lower court overruled a demurrer to the answer, to which appellant objected and excepted, but stood upon his demurrer and declined to further plead. The court entered a judgment dismissing his petition and from that order he appeals.

The record considered the trial court did the only thing which it was authorized to do, dismiss the appellant's petition. While it perhaps stated a cause of action the answer presented a good defense and the stipulations of the facts supported the answer, from all of which it appears that the steps taken by the city council in calling and holding and certifying the election were in all respects regular, as a consequence of which the bonds were authorized and are a valid charge against the municipality. The trial court properly denied the injunction prayed by appellant Clarke and the judgment is affirmed.

Judgment affirmed.